| | |
|---|---|
| STATE OF WYOMING | IN DISTRICT COURT |
| COUNTY OF SWEETWATER | THIRD JUDICIAL DISTRICT |

**JAKE WEBBER,**

        Plaintiff,

vs.

**ANGEL HERNANDEZ, BLUE LINE TRANSPORT, INC., DOES I-X,**

        Defendant

**COMPLAINT**

Civil No. 20-390-G

FILED
DISTRICT COURT
THIRD JUDICIAL DISTRICT
SWEETWATER COUNTY WY
SEP 11 2020
DONNA LEE BOBAK
CLERK OF COURT
BY _____ DEPUTY CLERK

[¶1]   COMES NOW Plaintiff, JAKE WEBBER, by and through his counsel of record, the Lowe Law Group, for his causes of action and claims for relief against the Defendants, ANGEL HERNANDEZ, BLUE LINE TRANSPORT, INC. and DOES I-X. Upon information and belief, Plaintiff alleges and avers as follows:

## I.    PARTIES, JURISDICTION AND VENUE

[¶2]   At the time of the incident alleged herein, Plaintiff Jake Webber (hereinafter "Mr. Webber") was a resident of Sweetwater County, Wyoming.

[¶3]   Upon information and belief, Defendant Angel Hernandez is a resident of Miami-Dade County, Florida.

[¶4]   Upon information and belief, Defendant Blue Line Transport, Inc. (hereinafter "Blue Line Transport") is an Oregon corporation doing business in Sweetwater County, Wyoming.

[¶5]   The causes of action pleaded herein occurred in Sweetwater County, Wyoming, therefore Venue is proper.

**EXHIBIT A**

[¶6] This Court has jurisdiction over the above-named parties and over the subject matter over this action.

## II. FACTS

[¶7] On or around January 30, 2020, Mr. Webber was driving a snowplow for the Wyoming Department of Transportation eastbound on Interstate 80 in Sweetwater County, Wyoming.

[¶8] At or around the same time, Defendant Hernandez, while in the course and scope of his employment with Blue Line Transport, was driving a Blue Line Transport semi-truck eastbound on Interstate 80 behind the snowplow driven by Mr. Webber.

[¶9] While Mr. Webber was driving the snowplow with amber and blue lights activated, without any advanced warning or notice, Defendant Hernandez slammed into the rear of the snowplow with the Blue Line Transport semi-truck.

[¶10] As a result of Defendants' negligence, Plaintiff sustained significant bodily injuries requiring him to undergo medical treatment and procedures.

## III. COUNT ONE- NEGLIGENCE OF ANGEL HERNANDEZ

[¶11] Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶12] Defendant Hernandez owed a duty of reasonable care in driving the Blue Line Transport semi-truck in a safe, reasonable, and prudent manner.

[¶13] The negligent and careless acts of Defendant Hernandez in failing to keep a proper lookout was a direct and proximate cause of the collision between the Blue Line Transport semi-truck and the snowplow.

[¶14] As a direct and proximate result of Defendant Hernandez's negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, weakness, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶15] As a direct and proximate result of Defendant Hernandez's negligence, Plaintiff sustained serious bodily injuries, which have caused her great pain, discomfort, anxiety, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶16] As a direct and proximate result of Defendant Hernandez's negligence, Plaintiff has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶17] As a direct and proximate result of Defendant Hernandez's negligence, Plaintiff has suffered severe emotional and mental distress.

[¶18] As a direct and proximate result of Defendant Hernandez's negligence, Plaintiff has suffered general damages in an amount to be proven at trial.

[¶19] As a direct and proximate result of Defendant Hernandez's negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

## IV.   COUNT TWO- VICARIOUS LIABILITY AND/OR RESPONDEAT SUPERIOR

[¶20] Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶21] At all relevant times, upon information and belief, Defendant Hernandez was acting within the course and scope of his employment with Blue Line Transport.

[¶22] Defendant Blue Line Transport is vicariously liable for Defendant Hernandez's negligence.

## V.   COUNT THREE- NEGLIGENT HIRING/TRAINING/SUPERVISION

[¶23] Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶24] Defendant Blue Line Transport's actions constituted a breach of multiple duties of care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining Defendant Hernandez.

[¶25] Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

[¶26] As a direct and proximate result of Defendant Blue Line Transport's negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, weakness, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶27] As a direct and proximate result of Defendant Blue Line Transport's negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, anxiety, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶28] As a direct and proximate result of Defendant Blue Line Transport's negligence, Plaintiff has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶29] As a direct and proximate result of Defendant Blue Line Transport's negligence, Plaintiff has suffered severe emotional and mental distress.

[¶30] As a direct and proximate result of Defendant Blue Line Transport's negligence, Plaintiff has suffered general damages in an amount to be proven at trial.

[¶31] As a direct and proximate result of Defendant Blue Line Transport's negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

### VI.  COUNT FOUR- NEGLIGENCE OF BLUE LINE TRANSPORT

[¶32]   Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶33] Defendant Blue Line Transport had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

[¶34] Defendant Blue Line Transport endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

[¶35] Defendant Blue Line Transport's work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

[¶36] As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious bodily injuries, which have caused her great pain, discomfort, anxiety, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶37]   As a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶38]   As a direct and proximate result of Defendant's negligence, Plaintiff has suffered severe emotional and mental distress.

[¶39]   As a direct and proximate result of Defendant's negligence, Plaintiff has suffered general damages in an amount to be proven at trial.

[¶40]   As a direct and proximate result of Defendant's negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

## VII.   **PRAYER FOR RELIEF/DAMAGES**

[¶41]   Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as

if fully set forth herein.

[¶42] As a direct and proximate result of Defendants' negligent acts and/or omissions as described above, Plaintiff sustained severe and permanent bodily injuries, and other damages to be proven at trial, entitling Plaintiff to a monetary award against the Defendants for the following elements of damage, to include without limitation:

a. Past and future medical expenses;

b. Past and future loss of income and earning capacity;

c. Past and future pecuniary loss;

d. Past and future pain and suffering;

e. Past and future enjoyment of life;

f. Past and future disability;

g. Disfigurement;

h. Past and future loss of household services;

i. Past and future emotional distress;

j. Past and future fear of disability;

k. Pre-judgment interest;

l. Attorney's fees; and

m. Costs of litigation.

**SIGNED and DATED** this 9th day of September, 2020.

                                                     LOWE LAW GROUP

                                                   /s/

                                                   Eric Hinckley (Wyo. Bar No. 7-5997)
                                                   James Jackson (Wyo. Bar No. 7-5996)
                                                   6028 S. Ridgeline Drive

Suite 200
Ogden, UT 84405
Phone: 801-917-8500
Eric_h@lowelawgroup.com
james@lowelawgroup.com
Attorneys for Plaintiff